IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | |
|---|---|
| ABE LEHI,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil No. 2:02-CV-317BSJ<br>Crim. No. 2:92-CR-36A<br><br>**MEMORANDUM OPINION<br>& ORDER** |

Civil No. 2:02-CV-317BSJ
Crim. No. 2:92-CR-36A

**MEMORANDUM OPINION
& ORDER**

```
┌─────────────────────────────────┐
│            FILED                │
│  CLERK, U.S. DISTRICT COURT     │
│   March 22, 2006 (4:04pm)       │
│      DISTRICT OF UTAH           │
└─────────────────────────────────┘
```

* * * * * * * * *

On March 6, 2006, petitioner Abe Lehi filed "Petitioner's Motion Challenging Only District Court's Failure to Reach Merits of 2255 Motion," asking that this court grant relief in the form of "a Certificate of Appealability on the Rule 36 Motion issue that was inadvertently construed as a 28 U.S.C. § 2255 Motion, in part, then denied absent giving Petitioner a notice and thus an opportunity to withdraw or alter his Rule 36 Motion in part or completely." (Petitioner's Motion Challenging Only District Court's Failure to Reach Merits of 2255 Motion, filed March 6, 2006 (dkt. no. 23) ("March 6th Motion"), at 19.)  In the alternative, Lehi requests "an evidentiary hearing under Rule 8 of the Rules governing 28 U.S.C. § 2255 Motions."  (*Id.*) Lehi submits that he is making this motion pursuant to Fed. R. Civ. P. 60(b)(6), as well as recent Supreme Court decisions in *Gonzalez v. Crosby*, 545 U.S. ___, 125 S.Ct. 2641 (decided June 23, 2005), and *Dye v. Hofbauer*, 546 U.S. ___, 126 S. Ct. 5 (decided October 11, 2005).

**PRECÍS**

By motion filed in 2002, Abe Lehi sought relief pursuant to Fed. R. Crim. P. 36 from his

two consecutive criminal sentences of 365 months and 30 years, respectively, imposed in August of 1993 under both the Federal Sentencing Guidelines and pre-Guidelines statutory provisions, arguing that he should have received one pre-Guidelines sentence for all of his offenses of conviction—a sentence for which he would "be eligible for release on parole after serving one-third of such term"[1] and entitled to release on parole "after having served two-thirds of each consecutive term or terms"[2] under the pre-Guidelines sentencing statutes.  Lehi contends that his existing sentences amount to a denial of Due Process and Equal Protection guaranteed by the Fifth Amendment, a denial of his right to jury trial under the Sixth Amendment, and inflict cruel and unusual punishment in violation of the Eighth Amendment.  He now seeks relief pursuant to Fed. R. Civ. P. 60(b)(6) from this court's February 18, 2003 Order denying relief on his constitutional claims, those claims having been deemed by the court to have been raised under 28 U.S.C. § 2255 rather than Rule 36.

Based upon *Castro v. United States*, 540 U.S. 375 (2003), and in light of a recent order by the court of appeals in a related proceeding, the Court grants Lehi's Rule 60(b)(6) motion and vacates that portion of this court's February 18, 2003 Order that treated Lehi's constitutional claims as having been raised under 28 U.S.C. § 2255.  The court provides Lehi a written "WARNING" concerning the adverse procedural consequences that may result from the court's recharacterization of his motion as being made, in part, pursuant to 28 U.S.C. § 2255, and offers a choice of three options as to how to proceed.

The court denies Lehi's request for "a Certificate of Appealability on the Rule 36 Motion

---

[1]18 U.S.C. § 4205(a) (1982) (repealed 1987).

[2]18 U.S.C. § 4206(d) (1982) (repealed 1987).

issue that was inadvertently construed as a 28 U.S.C. § 2255 Motion" because both 28 U.S.C. § 2253 and Fed. R. App. P. 22(b) do not apply to proceedings under Fed. R. Crim. P. 36. Moreover, unless and until Lehi chooses a procedural vehicle by which to raise his constitutional claims, no ruling on those claims has been made from which Lehi could perfect any appeal.

Fed. R. Crim. P. 36 deals with correction of "clerical errors" in the court's record, and does not afford Lehi an opportunity to challenge the validity of his sentencing on legal or constitutional grounds.  The portion of this court's February 18, 2003 Order that addressed relief for Lehi under Rule 36—already affirmed by the court of appeals—remains in full force and effect.

## PROCEDURAL HISTORY

As recounted in his March 6th Motion, Abe Lehi is currently serving two consecutive criminal sentences at the Federal Correctional Institution in Florence, Colorado, based upon his conviction of the offenses charged in Counts III, IV, VI, XII and XIII of the fifteen-count Superseding Indictment in *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah), including violations of 18 U.S.C. §§ 2241(b)(1) (aggravated sexual abuse) & 2241(c) (sexual abuse of a child).

That proceeding began with the filing of a Criminal Complaint on January 13, 1992, accompanied by an affidavit alleging that Lehi had sexual relations or sexual contact with a series of young boys, ranging in age from 5 through 16 years, and had done so with several victims over a period of several years.  On February 5, 1992, a federal grand jury returned a ten-

count Indictment against Lehi alleging facts reflecting several of those incidents.[3]  On July 8, 1992, a federal grand jury returned a fifteen-count Superseding Indictment against Lehi, alleging that over a period of time from February 1987 through mid-September 1991, Lehi had sexually abused several children ranging from seven to fourteen years of age at the time of the alleged offense conduct.[4]

On September 9, 1992, Lehi entered a plea of guilty to Counts III, IV, VI, XII and XIII of the Superseding Indictment.[5]  In open court, on the record and under oath, Lehi admitted to the following offense conduct: (1) that as to Count III, on or about February 1, 1991 and June 30, 1991, he "did knowingly engage in a sexual act with a 10-year-old child, and did attempt to do so," all in violation of 18 U.S.C. § 2241(c); (2) that as to Count IV, in incidents separate from Count III, on or about February 1, 1991 and June 30, 1991, he "did knowingly engage in a sexual act with a 10-year-old child, and did attempt to do so," all in violation of 18 U.S.C. § 2241(c); (3) that as to Count VI, on or about February 5 and September 28, 1987, he "did knowingly engage in a sexual act with a 12-year-old child who he had rendered unconscious, and did attempt to do so," all in violation of 18 U.S.C. § 2241(b)(1); (4) that as to Count XII, on or about September 1988 and March 17, 1991, he "did knowingly engage in a sexual act with a child under the age of 12 years, and did attempt to do so," all in violation of 18 U.S.C. § 2241(c); and (5) that as to Count XIII, in incidents separate from Count XII, on or about September 1988 and March 17,

---

[3](*See* Indictment, filed February 5, 1992 (dkt. no. 1), *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah).)

[4](*See* Superseding Indictment, filed July 8, 1992 (dkt. no. 18), *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah).)

[5](*See* Minute Entry, dated September 9, 1992 (dkt. no. 33), *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah).)

1991, he "did knowingly engage in a sexual act with a child under the age of 12 years, and did attempt to do so," all in violation of 18 U.S.C. § 2241(c).  (*Id.*)

Lehi executed a written statement in advance of his guilty plea.[6]  In that statement, Lehi acknowledged, among other things, that as to Counts III, IV, XII and XIII, he understood that his sentence would be "imposed pursuant to the provisions of the Sentencing Reform Act of 1984 and the sentencing guidelines promulgated thereunder."[7]  He also acknowledged that as to Count VI, which alleged offense conduct prior to the effective date of the Sentencing Reform Act of 1984 and the Federal Sentencing Guidelines, "the possible penalty provided by law for a violation of 18 U.S.C. § 2241(b)(1), as alleged in Count VI of the Indictment is:"

      a.  Any term of years or life;

      b.  A fine of up to $250,000; or both; and

      I also know that the Judge may order sentences on the above count(s) to
run consecutively, that is, one after the other, rather than concurrently.

(Statement by Defendant in Advance of Plea of Guilty, filed October 1, 1992 (dkt. no. 35), *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah), at 2 ¶ 2.)

On November 13, 1992, the late United States Senior District Judge Aldon J. Anderson imposed a provisional sentence of life imprisonment on Count VI, and did so pursuant to 18 U.S.C. § 4205(c) (1982) (repealed 1987),[8] to facilitate the further psychological examination and

---

[6](*See* Statement by Defendant in Advance of Plea of Guilty, filed October 1, 1992 (dkt. no. 35), *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah).)

[7](*Id.* at 2 ¶ 3.)

[8]Former § 4205(c) provided in part: "If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (d) . . . ."  After receiving reports on that study, "the court may in its discretion: (1) place the

(continued...)

background study of the defendant to assist the court in determining the sentence ultimately to be imposed.[9]

Lehi returned to court on August 24, 1993 for imposition of sentence on all of his offenses of conviction.  At the sentencing hearing, Lehi's counsel acknowledged that Lehi's § 4205(d) report "paints . . . a very sorry picture regarding Mr. Lehi and indeed a very sorry prognosis for any recovery from his present affliction, mental affliction of pedophilia,"[10] and requested that as to Count VI, the court impose a minimum term of imprisonment pursuant to 18 U.S.C. § 4205(b)(1) (1982) (repealed 1987).[11]   The Government urged the imposition of a federal guidelines sentence of 365 months' imprisonment on Counts III, VI, XII and XIII, and a sentence of life imprisonment on Count VI pursuant to 18 U.S.C. § 4205(b)(2) (1982) (repealed 1987).[12]

---

[8](...continued)

offender on probation as authorized by section 3651; or (2) affirm the sentence of imprisonment originally imposed; or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law.  The term of the sentence shall run from the date of original commitment under this section."  *Id.*

[9](*See* Judgment in a Criminal Case, filed November 23, 1992 (dkt. no. 42), *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah).)

[10](Transcript of Hearing, dated August 24, 1993, at 4:19-22 (Mr. McPhee).)

[11](*Id.* at 6:13-21 (Mr. McPhee).)  Former § 4205(b)(1) provided:

    (b)    Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may

    (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court, . . . .

[12](Transcript of Hearing, dated August 24, 1993, at 12:3-16 (Mr. Lambert).)  Former § 4205(b)(2) provided that "the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the [United States Parole] Commission may determine."

After hearing from counsel and from Lehi himself, Judge Anderson imposed sentence

upon Lehi:

> THE COURT: . . .  The sentence is as follows. . . .  On counts three, four, 12 and 13 he is sentenced to 365 months.  Count six he is sentenced for 30 years to be consecutive to counts three, four, 12 and 13.

> Supervised release, should he come out on those terms, he is under supervised release for five years and that will mean that he has to report to the probation office for regulation of his conduct and to give assistance when that may be available for them to provide.  That is on three, four, 12 and 13.  Count Six does not carry any supervised release.  A fine of $5,000 on three, four, 12 and 13 and there is a special assessment of $50 on each count which in this case would total $200.  Voluntary surrender, of course, is not approved and the marshals will be charged with returning him to the institution.

Anything further?

> MR. McPHEE: Yes, Your Honor.  On count six, the 30 years, I heard the Court say consecutive to [that] under three, four, 12 and 13? . . .  Did the Court mean he is to do 365 and then 30?

> THE COURT: Consecutive means following.

> MR. MCPHEE: Thank you.
> Could I know the provision of the code that count was sentenced under?

> THE COURT: Count six what?

> MR. MCPHEE: The provision of the code, was that 4205(b)(1) or 4205(b)(2) or what provision of the code the Court sentenced him under on count six?

> THE COURT: Well, it is pre-guideline under the statute.

> MR. LAMBERT: I think he means (b)(1).

> MR. MCPHEE: What our confusion is, is under the pre-guidelines under 4205(b)(1) the Court would designate the minimum term of imprisonment.

> THE COURT: Well, I have said 30 years.

MR. MCPHEE: Is that to be a minimum term?

THE COURT: That is the minimum term. . . .

(Transcript of Hearing, dated August 24, 1993, at 14:18-16:7, *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah).)

The Judgment and Commitment entered on August 25, 1993 set forth Lehi's sentence in these terms:

> Defendant is sentenced to the custody of the Bureau of Prisons for 365 MONTHS as to Counts III, IV, XII, and XIII (Sentencing Guidelines counts).  Defendant is sentenced to the Bureau of Prisons for a period of 30 YEARS on Count VI (Pre-Guideline count) pursuant to Title 18 U.S.C. [§] 4205(b)(1) which sentence is to run consecutive to the sentence imposed on Counts III, IV, XII, and XIII."

(Amended Judgment, filed August 25, 1993 (dkt. no. 48), *United States of America v. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah).)

Lehi did not appeal his conviction or his sentence.

Lehi's conviction and sentence became final upon the expiration of the time for filing of an appeal.  *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final . . . on the date on which the time for filing such an appeal expired.").

On December 3, 1993, Lehi's counsel filed a Motion for Correction or Reduction of Sentence under Fed. R. Crim. P. 35 (repealed Nov. 1, 1987), 18 U.S.C. §§ 3651 & 4205 (1982) (repealed Nov. 1, 1987), requesting that Lehi's sentence on Count VI be suspended under § 3651 or alternatively, that an order be entered reducing the sentence on Count VI "and either designating a minimum term at the expiration of which the Defendant shall become eligible for parole, or specifying that the Defendant may be released on parole at such time as the Parole

Commission may determine" under 18 U.S.C. § 4205(b)(1) or (b)(2), respectively.[13]   The court

requested counsel to file a memorandum in support of the Rule 35 motion by January 18, 2004,

but it appears that neither Lehi nor his counsel filed such a memorandum or otherwise pursued

the matter, and the court took no further action on that motion.

**Lehi's April 17, 2002 "Motion to Correct Judgment"**

There was no further docket activity until April 17, 2002, when Lehi filed his "Motion to

Correct Judgment" in *United States of America v. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah),

which the court *sua sponte* treated *in part* as a motion to vacate, set aside or correct his sentence

under 28 U.S.C. § 2255 (2000), commencing the above-captioned proceeding.  Invoking Fed. R.

Crim. P. 36 as its basis,[14] Lehi's motion raised several questions concerning his sentence and the

Judgment entered by the court as reflecting that sentence: (1) whether his total sentence

constituted "cruel and unusual punishment" in violation of the Eighth Amendment to the United

States Constitution, as well as a denial of due process and equal protection under the Fifth

Amendment; (2) whether the Judgment should reflect that his "pre-guidelines" sentence on

Count VI began running as of the same date as his "guidelines" sentence, January 13, 1992; and

(3) whether the Judgment should be amended to reflect whether he was sentenced on Count VI

pursuant to 18 U.S.C. § 4205(b)(1) (1982) (repealed 1987) to serve a minimum thirty-year term

of imprisonment, or whether he should be eligible for parole after serving one-third of his thirty-

---

[13](Motion for Correction or Reduction of Sentence, filed December 3, 1993 (dkt. no. 50), *United States of America v. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah).)

[14]Until December 1, 2002, Fed. R. Crim. P. 36 read:

Clerical mistakes in  judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

year term as provided by 18 U.S.C. § 4205(a) (1982) (repealed 1987).[15]

On July 11, 2002, the Government filed a response.  The matter was heard by the court on August 23, 2002, with Richard N.W. Lambert, Assistant United States Attorney, appearing for the Government, and Abe Lehi, appearing *pro se* by telephone.  The court heard and considered the arguments of counsel and Lehi, and took the matter under advisement.

On February 18, 2003, the court entered an Order granting in part Lehi's Rule 36 motion:

> given the acknowledgment that petitioner's eligibility for parole under his consecutive "pre-guidelines" sentence of thirty years of imprisonment on Count VI of the Superseding Indictment is governed by 18 U.S.C. § 4205(a) (repealed), and not 18 U.S.C. § 4205(b)(1) (repealed), correction of the Judgment in *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A, is warranted pursuant to Fed. R. Crim. P. 36, and Mr. Lehi's motion is GRANTED to that extent; the reference in the Judgment to sentencing on Count VI is hereby corrected to read "pursuant to Title 18 U.S.C. § 4205(a)"; in all other respects, his motion is DENIED.

(Order, filed February 18, 2003 (dkt. no. 13), at 4.)  Though it seemed apparent that Judge Anderson intended that Lehi serve a minimum term of thirty years' imprisonment on Count VI, (*see* Transcript of Hearing, dated August 24, 1993, at 16:5-8), he did not set a *maximum* term as required for sentencing under former § 4205(b)(1),[16] or for that matter, former § 4205(b)(2). Absent imposition of a maximum term, this court concluded that Lehi was sentenced under

---

[15]Former § 4205(a) reads:

> (a)      Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

18 U.S.C. § 4205(a) (1982) (repealed 1987).

[16]Under former § 4205(b)(1), the *minimum* sentence imposed "shall not be more than one-third of the maximum sentence imposed by the court"—requiring the court to fix a *maximum* as well as minimum term in imposing a pre-Guidelines sentence under that provision.

former § 4205(a), and thus becomes eligible for parole under his thirty-year pre-Guidelines sentence on Count VI "after serving one-third of such term."

The court amended Lehi's August 25, 1993 judgment and commitment to reflect the correct statutory reference (18 U.S.C. § 4205(a)).  The court denied all other requested relief, including Lehi's constitutional challenges to his sentence under the Fifth and Eighth Amendments.

Lehi appealed this court's rulings under Fed. R. Crim. P. 36.  The court of appeals affirmed this court's rulings under Rule 36, rejecting Lehi's assertions that his sentences were concurrent rather than consecutive, and that former § 4205 was "in any way relevant to his sentences on Counts III, IV, XII and XIII," which involved "conduct which occurred after the Sentencing Guidelines came into effect."  (Order and Judgment, filed November 4, 2003, *United States v. Abe Lehi*, No. 03-4089, slip op. at 3 (10th Cir.).)

Lehi did not pursue his Fifth or Eighth Amendment claims on appeal.  (*Id.*)

**Lehi's October 19, 2004 "Motion for Review of a Sentence"**

Instead, Lehi attempted to revive his Fifth and Eighth Amendment claims nearly one year later by filing "Defendant's Motion for Review of a Sentence" on October 19, 2004, a motion ostensibly made pursuant to 18 U.S.C. § 3742(a) (2000).

Section 3742(a) reads:

**§ 3742. Review of a sentence**

(a) Appeal by a Defendant.— A defendant may file *a notice of appeal* in the district court for review of an otherwise final sentence if the sentence—
(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563 (b)(6) or (b)(11) [1] than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C.A. § 3742(a) (2000) (emphasis added).

Section 3742(a) serves as the statutory basis for review *by the court of appeals* of a district court's sentencing decisions; it does "not grant jurisdiction to a district court to review a final sentence. . . . The only reference to the district court . . . directs that the notice of appeal must be filed in that court." *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) (citation omitted).[17]  Accordingly, this court did not have jurisdiction to consider the merits of Lehi's motion based on 18 U.S.C. § 3742(a).  *See Jones v. United States*, 214 F. Supp. 2d 780, 783 (E.D. Mich. 2002) (§ 3742(a) "does not authorize the district court to act on a defendant's motion or other request for the district court to review a defendant's sentence").

The time for a direct appeal from Lehi's conviction and sentence having long ago expired, the court construed his "Motion for Review of a Sentence" as a motion to vacate, set aside or correct his sentence under 28 U.S.C.A. § 2255, commencing the proceeding captioned *Abe Lehi v. United States*, Civil No. 2:04-CV-969BSJ (D. Utah).

Treated as a § 2255 motion, Lehi's October 19, 2004 motion appeared to be a "second or

---

[17]*See* S. Rep. No. 98-225, at 149 (1983), *reprinted in* 1984 U.S. Code .Cong. & Admin. News 3182, 3332.
Section 3742(e) indicates that "[u]pon review of the record, *the court of appeals shall determine* whether the sentence— (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is outside the applicable guideline range . . . ; or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable."  18 U.S.C.A. § 3742(e) (2000 & Supp. 2005) (emphasis added).

successive motion" for such relief.  Under § 2255, as amended in 1996, a "second or successive motion" may be filed only under specific circumstances:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 ¶ [8] (Supp. 2005).[18]

This court's Order, filed January 10, 2005, denied Lehi's "Motion for Review of a Sentence" for lack of subject-matter jurisdiction:

_____

[18]In turn, § 2244(b) provides in pertinent part:

 (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

 (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

 (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

 (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

 (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

 (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C.A. § 2244(b)(3), (4) (Supp. 2005).

> In this case, it appears that Mr. Lehi has not obtained an order from the court of appeals authorizing this court to consider his application for further relief from his sentence.  None has been furnished to this court.  Absent such an order, this court lacks jurisdiction to consider the merits of Mr. Lehi's motion.  *See, e.g., U.S. v. Avila-Avila*, 132 F.3d 1347, 1348 (10th Cir. 1997).

(Order, filed January 10, 2005 (dkt. no. 4), *Abe Lehi v. United States*, Civil No. 2:04-CV-969BSJ

(D. Utah), at 4.)

Lehi appealed that ruling, seeking a certificate of appealability from the court of appeals, and on February 13, 2006, the court of appeals entered an order denying Lehi's application and dismissing his appeal.  (Order, filed February 13, 2006, *United States v. Abe Lehi*, Case No. 05-4029 (10th Cir.).)

**Lehi's March 6th Motion**

Following the court of appeals' ruling last month, Lehi filed the present motion, seeking relief from this court's Order, filed February 18, 2003 (dkt. no. 13), under Fed. R. Civ. P. 60(b)(6) because: (1) the court had "exceeded its authority in setting as a minimum sentence, which must be served before parole eligibility can be considered, a term of 30 years"; (2) there was inadequate mental health staffing at the Federal Correctional Institution at Lompoc, California at the time of Lehi arrived at that institution for his § 4205(c) evaluation in 1992-1993; and (3) Lehi's "split sentence" under both the Federal Sentencing Guidelines and former § 4205(a) violated his rights to due process and equal protection under the Fifth Amendment and inflicted cruel and unusual punishment upon him in violation of the Eighth Amendment.  (March 6th Motion at 4-8.)  Lehi now asserts an entitlement under the Fourteenth Amendment "to have all of his sentence timely imposed prior to the Federal Sentencing Guidelines going into effect," and argues that his "split sentence" under both Guidelines and pre-Guidelines provisions "can

-14-

only be construed as enhancement" of his sentence, implicating his Sixth Amendment rights in light of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker* (*United States v. FanFan*), 543 U.S. 220, 125 S. Ct. 738 (2005).  (*Id.* at 8-9, 9-16.)[19]

Lehi then "argues that the fact that the District Court never reached the merits of his rule 36 motion, in part, because it was construed as a 28 U.S.C. § 2255 and summarily denied, was plain error," (*id.* at 17); that he "could not determine exactly what part of his Rule 36 Motion was designated by the District Court as a § 2255 Motion," and that his argument that "the District Court exceed[ed] its authority was never reached by the District Court, or ruled on," all to Lehi's great prejudice.  (*Id.* at 5.)  Pointing to *Castro v. United States*, 540 U.S. 375 (2003), Lehi contends that this court erred in construing his April 17, 2002 "Motion to Correct Judgment" in part as a § 2255 motion without affording him prior notice of its election to do so, and an opportunity to alter or withdraw that motion.  (*Id.* at 17.)  Lehi submits that he "is herein challenging only the integrity of the 28 U.S.C. § 2255 habeas proceeding in this case" under Fed. R. Civ. P. 60(b)(6), and more specifically, the court's purported "failure to reach the merits" of his motion made under Fed. R. Crim. P. 36.  (*Id.* at 17, 18.)

---

[19]Lehi submits that his current Rule 60(b)(6) motion is not "seek[ing] to add a new ground for relief," (March 6th Motion at 18), but devotes eight pages of that nineteen-page motion to an argument that his August 24, 1993 sentence was "enhanced" in violation of the Sixth Amendment as construed in *Blakely* and *Booker* (*id.* at 9-16)—a ground for relief that Lehi is raising for the first time in his March 6th Motion.

**POST-CONVICTION RELIEF UNDER FED. R. CRIM. P. 36 & 28 U.S.C. § 2255**

In April of 2002,[20] Rule 36 of the Federal Rules of Criminal Procedure read as follows:

**Rule 36. Clerical Mistakes**

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

According to the court of appeals, "Rule 36 gives the court authority to correct clerical-type errors . . . but does not give the court authority to substantively modify a Defendant's sentence." *United States v. Blackwell*,  81 F.3d 945, 948-949 (10th Cir. 1996) (citations omitted).  *See United States v. Corey*, 999 F.2d 493, 496-97 (10th Cir. 1993) (court may correct clerical error in written judgment under Rule 36); *United States v. Werber*, 51 F.3d 342, 347, 348 & n.16 (2d Cir. 1995) (collecting cases and noting that Rule 36 allows the court to correct transcription errors, but not "error[s] of law"); *United States v. Fraley*, 988 F.2d 4, 5-6 (4th Cir. 1993) (Rule 36 did not authorize court to modify a defendant's sentence from ten to five months' imprisonment).

As the Ninth Circuit more recently explained:

> Rule 36 is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing.  *See United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002) ("Rule 35 is generally the only vehicle available for resentencing, unless the case is on remand from the Court of Appeals."); *United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) ("[T]he district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence. . . ."); *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984) ("[T]he provisions of Rule 36 do not permit a substantive change in the

---

[20]Rule 36 was amended effective December 1, 2002 to read:

**Rule 36. Clerical Error**

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

period of incarceration which the defendant must serve."); *United States v. Daddino*, 5 F.3d 262, 264-65 (7th Cir. 1993) (noting that Rule 36 "does not apply to errors made by the court itself" (citing to, among other cases, *Kaye*, 739 F.2d at 491)).

*United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003).[21]

Rule 36 has been consistently interpreted as dealing only with clerical errors, not with purported mistakes or omissions by the court. *See* 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice & Procedure* § 611 (3d ed. 2004) ("It is only a clerical error that may be corrected at any time under [Rule 36]. An error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of the rule.")

As this court noted at the time, "Mr. Lehi's motion raises constitutional challenges to his sentence that reach beyond the scope of 'clerical error' contemplated by Fed. R. Crim. P. 36. Construing his moving papers liberally in Mr. Lehi's favor as a *pro se* litigant," it appeared to the court that a 28 U.S.C. § 2255 motion to vacate, reduce or correct his sentence "would be the most suitable procedural vehicle for his constitutional claims." (Order, filed February 18, 2003 (dkt. no. 13), at 1 n.1.)

As the court of appeals instructs:

A 28 U.S.C. § 2255 petition attacks the legality of detention, *Barkan v. United States*, 341 F.2d 95, 96 (10th Cir.), *cert. denied*, 381 U.S. 940, 85 S.Ct. 1773, 14 L.Ed.2d 703 (1965), and must be filed in the district that imposed the sentence, *United States v. Condit*, 621 F.2d 1096, 1097 (10th Cir. 1980). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366

---

[21]According to the Sixth Circuit, "Although the federal rules do not define what constitutes a clerical error, this court has held that 'a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.' *United States v. Coleman*, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000) (unpublished) (quoting *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996))." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004).

(10th Cir. 1965).

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Indeed, "'The exclusive remedy for

testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that

provided for in 28 U.S.C. § 2255.'"  *Id.* (quoting *Johnson v. Taylor*, 347 F.2d at 366).

That was still the general rule in 2002,[22] when Lehi filed his April 17, 2002 "Motion to

Correct Judgment," and it remains the general rule today: "A motion under § 2255 . . . is the

exclusive remedy for Petitioner to challenge the validity of his conviction and sentence unless

there is a showing that the remedy is inadequate or ineffective.  *See Haugh v. Booker*, 210 F.3d

1147, 1149 (10th Cir. 2000)."  *Rowe v. Hood*, No. 05-1209, 2006 WL 205339, at *1 (10th Cir.,

decided January 27, 2006).

It thus proved to be no great stretch of the judicial imagination for the court to suggest

that Lehi's constitutional challenges to the validity of  his sentence sought relief exclusively

available to him under § 2255, and that to that extent, construing his *pro se* pleadings liberally in

his favor, his April 17, 2002 "Motion to Correct Judgment" should be treated as a § 2255

motion.[23]

---

[22]*See, e.g.*, *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner attacking the legality of his detention").

[23]*See, e.g.*, *United States v. Heijnen*, Case No. 05-2097, 2006 WL 127664  (10th Cir., decided January 18, 2006) ("The district court rejected Heijnen's *pro se* characterization of his application as one filed pursuant to 28 U.S.C. § 2242, concluding it was a 28 U.S.C. § 2255 motion because it challenged the validity of Heijnen's conviction and sentence. . . . [O]ur review of the record demonstrates that the district court properly characterized Heijnen's application as a § 2255 motion . . . ."); *United States v. Johnson*, 159 Fed. Appx. 835, 838 (10th Cir. 2005) ("A brief look at Johnson's Rule 60(b) motion confirms that he is challenging the validity of his sentence, despite his allegations to the contrary.  Therefore, the district court properly characterized Johnson's Rule 60(b) motion as a § 2255 petition."); *Durham v. Hood*, 140 Fed. Appx. 783, 784 (10th Cir. 2005) (defendant "can only attack the validity of his sentence through a 28 U.S.C. § 2255 petition filed in the district court that sentenced him"); *Carroll v. Peterson*, 105 Fed. Appx. 988, 990 (10th Cir. 2004) (defendant's "petition challenging the validity of his sentence, rather than its execution, must be brought under § 2255"); *United States v. Lloyd*, 398 F.3d 978, 979-980 (7th Cir. 2005) ("substance controls over the caption" in determining whether a motion is made under § 2255).

**Lehi's "Motion to Correct Judgment" Under Fed. R. Crim. P. 36**

Contrary to Lehi's most recent assertions, this court addressed Lehi's April 17, 2002 "Motion to Correct Judgment" in part as a Rule 36 motion, and did in fact reach its merits.

In carefully reviewing the record in Lehi's criminal proceeding, including the sentencing transcript and the judgment and commitment, this court determined that the sentence actually imposed upon Lehi on Count VI of the Superseding Indictment on August 24, 1993 comported with former § 4205(a), and not former § 4205(b)(1), the statute referenced in Lehi's judgment and commitment.  This court *granted* Lehi's Rule 36 motion to that extent, and the February 18, 2003 Order simply "corrected the judgment by changing the statutory reference," which may be done under Rule 36, *United States v. McNeal*, 932 F.2d 1255, 1255 (8th Cir. 1991), to reflect that Lehi was sentenced on Count VI pursuant to former § 4205(a), not former § 4205(b)(1).

Lehi's further request that his judgment and commitment should reflect that his "pre-guidelines" sentence on Count VI  began running as of the same date as his "guidelines" sentence, January 13, 1992, fell beyond the ambit of Rule 36.  *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (defendant "asks that his federal sentence be substantively altered so that it will have commenced at a specified date. That relief is not within the ambit of Rule 36.").  Moreover, Lehi's sentence on Count VI was clearly intended to run *consecutively* to his 365-month sentence on Counts III, IV, XII and XIII under the Federal Sentencing Guidelines. The sentencing transcript plainly reflected the court's imposition of *consecutive* sentences on Lehi's Guidelines and pre-Guidelines counts—as the court of appeals acknowledged in affirming this court's ruling on Lehi's Rule 36 motion.  (*See* Order and Judgment, filed November 4, 2003, *United States v. Abe Lehi*, No. 03-4089, slip op. at 3 (10th Cir.) ("As the transcript quoted by the

-19-

district court makes clear, the sentencing court clearly intended that the sentence imposed on Count VI was to run consecutively to the sentences imposed on all other counts.").)

The practical effect of the relief already granted under Rule 36 in this case was that pursuant to former § 4205(a), Lehi will become eligible for parole under his thirty-year pre-Guidelines sentence on Count VI "after serving one-third of such term," rather than becoming eligible for parole after serving a *minimum term of thirty years*, as would be the case had he been sentenced on Count VI pursuant to former § 4205(b)(1).

**Lehi's "Motion to Correct Judgment" & 28 U.S.C. § 2255**

This court elected to treat Lehi's April 17, 2002 "Motion to Correct Judgment" *in part* as a § 2255 motion,[24] to the extent that Paragraph 5 of that motion asserted constitutional claims, specifically that "[t]he magnitude of the punishment imposed on the defendant constitutes cruel and inhuman punishment and deprives the Defendant of the equal protection of the laws and due process of law, in violation of the Sentencing Reform Act of 1987."  (*See* Motion to Correct Judgment, filed April 17, 2002 (dkt. no. 1), at 2 ¶ 5.)[25]  But as this court pointed out in the February 18, 2003 Order:

>    Petitioner cites no authority for his constitutional claims, and the court

---

[24]Indeed, the above-captioned proceeding in Civil No. 2:02-CV-317BSJ was commenced as a § 2255 proceeding based upon Lehi's April 17, 2002 "Motion to Correct Judgment" (dkt. no. 1); a response was ordered pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts (*see* Order, filed April 22, 2002 (dkt. no. 3); Response of the United States in Opposition to Petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence, filed July 11, 2002 (dkt. no. 6)), to which Lehi filed a reply memorandum, arguing his statutory sentencing objections and disputing the Government's timeliness objections in the context of § 2255.  (*See* Memorandum of Law in Support of Petitioner's Motion for Modification or Vacation of Sentence Pursuant to 28 U.S.C. § 2255, filed July 29, 2002 (dkt. no. 8).)

[25]Lehi now asserts that he "could not determine exactly what part of his Rule 36 Motion was designated by the District Court as a § 2255 Motion."  (March 6th Motion at 5.)  Clearly, it was the part of his April 17, 2002 "Motion to Correct Judgment" that challenged the validity of his sentencing on constitutional grounds, that is, as a violation of the Fifth and Eighth Amendments.

finds nothing in his moving papers or the applicable body of law to support the conclusion that the sentence imposed upon Mr. Lehi for the offenses to which he entered a plea of guilty–crimes involving multiple acts of sexual abuse of minor children–is so oppressive and disproportionate in relation to his admitted criminal conduct as to constitute cruel and unusual punishment.  Nor does he make any colorable showing of a denial of due process or of equal protection, whether based upon his indigence, or otherwise.

(*Id.* (dkt. no. 13), at 2.)  The court of appeals quoted this same language in referring to "Lehi's claims arising under 28 U.S.C. § 2255," noting that "[o]n appeal, Lehi does not reassert the arguments that his sentences violate the Fifth and Eighth Amendments."  (Order and Judgment, filed November 4, 2003, *United States v. Abe Lehi*, No. 03-4089, slip op. at 2, 3 (10th Cir.).)

### Lehi's "Motion for Review of a Sentence" & 28 U.S.C. § 2255

Not until his October 19, 2004 "Defendant's Motion for Review of a Sentence" did Lehi attempt to revive his Fifth and Eighth Amendment claims in challenging the validity of his August 24, 1993 sentencing.  As written, that motion sought relief in this court pursuant to 28 U.S.C. § 3742(a), the statute governing direct appeals from federal criminal sentences.

It being patently obvious that there is *no* relief available in a federal district court under § 3742(a) itself, this court again treated Lehi's motion as one being made pursuant to § 2255.

As recounted above, having already treated Lehi's constitutional claims as having been raised under § 2255 by Lehi's April 17, 2002 "Motion to Correct Judgment," this court deemed Lehi's "Motion for Review of a Sentence" to be a "second or successive motion" under § 2255— which cannot be filed in a district court without prior certification by a panel of the court of appeals pursuant to 28 U.S.C. § 2244—and denied Lehi's motion without prejudice for that reason.  (Order, filed January 10, 2005 (dkt. no. 4), *Abe Lehi v. United States*, Civil No. 2:04-CV-969BSJ (D. Utah), at 4.)  Again, this court's conclusion in that regard was not novel,

-21-

particularly imaginative, or even unusual.  *See, e.g., United States v. Gonzalez*, 152 Fed. Appx.

743, 745-746 (10th Cir., decided October 26, 2005) ("district court *sua sponte* denied"

defendant's petition for a writ of audita querela, "treating it as an application for permission to

file a subsequent motion pursuant to § 2255. . . . We agree with the district court that § 2255

provides the exclusive means for Mr. Gonzalez to test his conviction in the sentencing court.");

*Lloyd*, 398 F.3d at 980 (motion made under 18 U.S.C. § 3582(c)(2) "advanced the kind of

arguments and sought the kind of relief covered by § 2255 ¶ [1].  It therefore was a collateral

attack, and because we had not granted permission for its commencement the district court was

obliged to dismiss it for lack of jurisdiction.").

    Last month, the court of appeals denied Lehi a certificate of appealability from that

dismissal.  (*See* Order, filed February 13, 2006, *United States v. Abe Lehi*, Case No. 05-4029

(10th Cir.).)[26]  Yet in its February 13, 2006 Order, the court of appeals indicates that Lehi's

current objection under *Castro v. United States* is well taken:

> Under *Castro v. United States*, 540 U.S. 375 (2003), a district court may
> not "recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion
> *unless* the court informs the litigant of its intent to recharacterize, warns the
> litigant that the recharacterization will subject subsequent § 2255 motions to the
> law's 'second or successive' restrictions, and provides the litigant with an
> opportunity to withdraw, or to amend, the filing." . . .

> Nothing in the record in this case reveals that the district court followed
> the procedures set forth in the Supreme Court decision in *Castro*, and set forth in

_____

    [26]The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or the court
of appeals first issues a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c)(1)(B). A Certificate of Appealability will
issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §
2253(c)(2).  "In order to make such a showing, a petitioner must demonstrate that 'reasonable jurists could debate
whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to
deserve encouragement to proceed further.'  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542
(2000) (internal quotation marks omitted)."  *United States v. Sullivan*, 160 Fed. Appx. 728, 730, 2005 WL 3514931, *1
(10th Cir. 2005).

this circuit's decisions, *see United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000), before construing Defendant Lehi's *pro se* motions in 2002 and 2004 as § 2255 motions.

(Order, filed February 13, 2006, *United States v. Abe Lehi*, Case No. 05-4029 (10th Cir.), slip op. at 2-3 (quoting *Castro*, 540 U.S. at 377 (emphasis in original)).)

Prior to entering its February 18, 2003 Order granting Lehi's Rule 36 motion in part and denying relief under § 2255, this court had *not* given Lehi prior notice of an opportunity to withdraw or amend his motion in light of the court's intention to treat his April 17, 2002 "Motion to Correct Judgment" as a § 2255 motion—at least to the extent that Paragraph 5 raised constitutional issues under the Fifth and Eighth Amendments. Nor had this court warned Lehi of the procedural consequences that would flow from that treatment, as *Castro v. United States*—decided ten months later, on December 15, 2003—would require.

In the court of appeals' view, "'[b]y *sua sponte* treating his motion as one under § 2255'"—only to the extent that Lehi's motion *attacked his sentences* on constitutional grounds— "'the [district] court essentially used up [Lehi's] one shot at attacking his conviction and sentence.'" (Order, filed February 13, 2006, *United States v. Abe Lehi*, Case No. 05-4029 (10th Cir.), slip op. at 3 (quoting *Kelly*, 235 F.3d at 1241).)

Even so, the court of appeals denied Lehi a certificate of appealability:

> When a district court fails to follow the required procedures, the decision generally is vacated and the case remanded so that a prisoner can make an informed decision about whether to proceed with his claims under a § 2255 motion. In this case, however, the district court's failure to notify Defendant Lehi that it was going to recharacterize his 2002 and 2004 *pro se* motions under § 2255 was harmless. . . . The Antiterrorism and Effective Death Penalty Act became effective on April 24, 1996. Defendant, whose convictions became final before that date, had until April 24, 1997 to file a § 2255 motion. . . . He failed to do so. The deadline for Defendant to file a § 2255 motion had expired by the time he

filed his *pro se* motions in the district court in 2002 and 2004. . . .  Because
Defendant was barred from filing a § 2255 motion at the time the district court's
recharacterizations occurred, no adverse consequences attached to the
recharacterizations. . . .

(*Id.* slip op. at 3-4 (citations omitted).)  Thus, in the court of appeals' view, Lehi had failed to file

a § 2255 motion within the one-year limitation period provided by the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA),[27] so that this court's failure to give proper notice

under *Castro* was error, but was "harmless error" because it was already too late for Lehi to take

his "one shot at attacking his conviction and sentence" under § 2255, even if he chose to do so.

The court of appeals' conclusion appears to overlook the possibility—theoretical though

it may be—that Lehi's "one shot at attacking his conviction and sentence" pursuant to § 2255

may have arisen—or may yet arise—at some time *after* April 24, 1997.  After April 24, 1996, a §

2255 movant has one year to file his motion "from the latest of—"

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United States
is removed, if the movant was prevented from making a motion by such
governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could
have been discovered through the exercise of due diligence.

---

[27]Act of April 24, 1996, Pub. L. No. 104-132, Title I, § 105, 110 Stat. 1214, 1220.  *See also* Marshall J.
Hartman & Jeanette Nyden, *Habeas Corpus and the New Federalism after the Anti-terrorism and Effective Death
Penalty Act of 1996*, 30 J. Marshall L. Rev. 337, 351, 387 (1997) ("Concerns about finality of judgment, delay, proper
use of judicial resources, states' rights and societal cost underlay the passage of AEDPA," as opposed to "notions of
justice, due process, and equal protection of the laws for all."); *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000) (the
AEDPA's time limitation implicates values, including the promotion of judicial efficiency, the conservation of judicial
resources and the interests of society, that transcend the concerns of the parties).

28 U.S.C.A. § 2255 ¶ [6] (Supp. 2005).  In its February 13, 2006 Order, the court of appeals considered the timeliness question only with reference to the finality of Lehi's conviction in 1993, ignoring the possibility that a § 2255 motion may yet be timely made under subsections (2), (3) or (4), given an appropriate showing or a new decision by the Supreme Court having retroactive effect.

Assuming such a decision was announced *today*, and taking the existing record at face value concerning his 2002 and 2004 motions, Lehi would likely be required either to seek certification of a "second or successive" § 2255 motion from the court of appeals before filing his § 2255 motion relying on the new decision,[28] or, as in *Castro*, he would be compelled at the outset to argue that this court's recharacterizations of his 2002 and 2004 motions as § 2255 motions have no binding legal effect.  *See Castro*, 540 U.S. at 383.[29]  Conversely, were Lehi able to file a timely § 2255 motion plainly made in the first instance, neither certification under § 2244 nor a showing of the invalidity of this court's existing record under *Castro* would be required prior to pursuing the merits of that motion before the district court.

To that extent, at least, this court's "harmless error" under *Castro* continues to burden Lehi's right to file a § 2255 motion.  And to that extent, the *Castro* error is not harmless.

### Lehi's Current Allegations of Error re: this Court's February 18, 2003 Order

As summarized above, Lehi's March 6th Motion argues that this court "never reached the merits of his rule 36 motion, in part, because it was construed as a 28 U.S.C. § 2255 [motion]

---

[28]A § 2255 motion under subsections (2) or (4) would prove to be even more problematic as a "second or successive" motion to be certified under § 2244.

[29]In effect, in light of *Castro*, the court of appeals' February 13, 2006 Order simply perpetuates two legal nullities upon the record of this court.

and summarily denied," and that this justifies relief under Fed. R. Civ. P. 60(b)(6).  (March 6th

Motion at 17.)

      This court reached "the merits of his rule 36 motion," and *granted* that motion to the

extent that it sought to correct an error as to statutory reference in Lehi's judgment and

commitment. "  (Order, filed February 18, 2003 (dkt. no. 13).)  The practical effect of that ruling

has already been explained.

      The "merits" of Lehi's April 17, 2002 "Motion to Correct Judgment" that this court did

not address *under Rule 36* was his constitutional challenge to the validity of his sentences—

subject matter that is clearly beyond the scope of Rule 36.

      Yet it is likewise inaccurate for Lehi to now assert that this court "never reached the

merits" of his constitutional claims, the court having deemed the same to have been raised under

§ 2255—Lehi's "exclusive remedy" for attacking the validity of his sentencing.  As explained

above, this court's February 18, 2003 Order pointed out that Lehi had failed to make "any

colorable showing of a denial of due process or of equal protection" and had established no legal

or factual basis "to support the conclusion that the sentence imposed upon Mr. Lehi for the

offenses to which he entered a plea of guilty–crimes involving multiple acts of sexual abuse of

minor children–is so oppressive and disproportionate in relation to his admitted criminal conduct

as to constitute cruel and unusual punishment."  (Order, filed February 18, 2003 (dkt. no. 13), at

2.)

### "Cruel and Unusual Punishment" Under the Eighth Amendment

      As explained by the Supreme Court in *Ewing v. California*, 538 U.S. 11 (2003), "The

Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow

proportionality principle' that 'applies to noncapital sentences.'" 538 U.S. at 20 (quoting

*Harmelin v. Michigan*, 501 U.S. 957, 996-997 (1991) (KENNEDY, J., concurring in part and

concurring in judgment)).  The Court has addressed that principle in a series of cases beginning

with  *Rummel v. Estelle*, 445 U.S. 263 (1980):

> In *Rummel*, we held that it did not violate the Eighth Amendment for a
> State to sentence a three-time offender to life in prison with the possibility of
> parole.  *Id.*, at 284-285.  Like Ewing, Rummel was sentenced to a lengthy prison
> term under a recidivism statute.  Rummel's two prior offenses were a 1964 felony
> for "fraudulent use of a credit card to obtain $80 worth of goods or services," and
> a 1969 felony conviction for "passing a forged check in the amount of $28.36."
> *Id.*, at 265.  His triggering offense was a conviction for felony theft–"obtaining
> $120.75 by false pretenses."  *Id.*, at 266.
>
> This Court ruled that "[h]aving twice imprisoned him for felonies, Texas
> was entitled to place upon Rummel the onus of one who is simply unable to bring
> his conduct within the social norms prescribed by the criminal law of the State."
> *Id.*, at 284.  The recidivism statute "is nothing more than a societal decision that
> when such a person commits yet another felony, he should be subjected to the
> admittedly serious penalty of incarceration for life, subject only to the State's
> judgment as to whether to grant him parole."  *Id.*, at 278.  We noted that this
> Court "has on occasion stated that the Eighth Amendment prohibits imposition of
> a sentence that is grossly disproportionate to the severity of the crime."  *Id.*, at
> 271.  But "[o]utside the context of capital punishment, successful challenges to
> the proportionality of particular sentences have been exceedingly rare."  *Id.*, at
> 272.  Although we stated that the proportionality principle "would . . . come into
> play in the extreme example . . . if a legislature made overtime parking a felony
> punishable by life imprisonment," *id.*, at 274, n. 11, we held that "the mandatory
> life sentence imposed upon this petitioner does not constitute cruel and unusual
> punishment under the Eighth and Fourteenth Amendments," *id.*, at 285.

*Ewing*, 538 U.S. at 21.  *Ewing* indicates that in applying the Eighth Amendment's guarantee

against cruel and unusual punishments, the Court is guided by the principle that "'[t]he Eighth

Amendment does not require strict proportionality between crime and sentence.  Rather, it

forbids only extreme sentences that are "grossly disproportionate" to the crime.'"  538 U.S. at 21

(quoting *Harmelin v. Michigan*, 501 U.S. 957, 996-997 (KENNEDY, J., concurring in part and concurring in judgment)).  The Court is also guided by four principles of proportionality review: "'the primacy of the legislature, the variety of legitimate penological schemes, the nature of our federal system, and the requirement that proportionality review be guided by objective factors.'" *Id.*

Generally, "If a sentence imposed is within the prescribed statutory limits, the appellate court generally will not regard it as cruel and unusual punishment."  *United States v. Gourley*, 835 F.2d 249, 253 (10th Cir. 1987), *cert. denied*, 486 U.S. 1010 (1988).  According to the court of appeals, "'unless we are convinced that the sentences are unconscionably excessive' the trial court's discretion in imposing sentences within statutory limits will not be disturbed."  *United States v. Rogers*, 960 F.2d 1501, 1514 (10th Cir.) (quoting *United States v. Brewer*, 630 F.2d 795, 804 (10th Cir. 1980)), *cert. denied*, 506 U.S. 1035 (1992).

Lehi did not cite to any case authority suggesting that the imposition of a sentence well within the maximum limit established by Congress for violations of 18 U.S.C. §§ 2241(b) & 2241(c)—that is, life imprisonment as to each offense— is "grossly disproportionate to the severity of the crime," and this court found none.  In one unpublished disposition, the Fourth Circuit had summarily rejected an Eighth Amendment challenge to a sentence imposed under 18 U.S.C. § 2241(a).  *United States v. Berry*, 861 F.2d 266 (Table), 1988 WL 105279 (4th Cir. 1988).[30]  It appears that sentencing under § 2241 has not proven to be a fruitful ground for Eighth Amendment challenges.

---

[30]The Tenth Circuit rejected a rather oblique Eighth Amendment challenge to convictions under 18 U.S.C. §§ 2242 & 2243 in *United States v. Castillo*, 140 F.3d 874 (10th Cir. 1998), in which the defendant argued that he was being punished for his status as "a person with a sexual interest in minors" rather than for specific criminal acts, largely because of evidence propensity made admissible under Fed. R. Evid. 414.  *Id.* at 884.

As recounted above, Lehi was sentenced for offense conduct involving the repeated sexual abuse of several young boys over a period of several years.  In particular, as to Count VI Lehi admitted that on or about February 5 and September 28, 1987, he "did knowingly engage in a sexual act with a 12-year-old child who he had rendered unconscious, and did attempt to do so," in violation of 18 U.S.C. § 2241(b)(1).  As to Counts III, IV, XII and XIII, Lehi admitted to multiple violations of 18 U.S.C. § 2241(c) (aggravated sexual abuse of a child).

Lehi was sentenced under the Sexual Abuse Act of 1986,[31] a statute that "is drafted broadly to cover the widest possible variety of sexual abuse, and to protect both males and females from that abuse,"[32] and that "rationally furthers a legitimate governmental interest" in "protect[ing] children from sexual abuse." *United States v. Ransom*, 942 F.2d 775, 777 (10th Cir. 1991).[33]  "As the text of these statutory provisions makes clear, they penalize conduct intended to overcome another person's lack of consent to a sexual act, whether achieved through physical force, threats of force, or other means that render the other person unconscious or otherwise unable to fend off the assault."  *United States v. Volpe*,  224 F.3d 72, 77 (2d Cir. 2000).

Lehi was not sentenced to life imprisonment without possibility of parole for writing a $100 bad check, as was the case in *Solem v. Helm,* 463 U.S. 277 (1983)—one of those "exceedingly rare" cases in which a non-capital sentence was held to violate the Eighth

---

[31]18 U.S.C. § 2241 was enacted as part of the Criminal Law and Procedure Technical Amendments Act of 1986, Act of November 10, 1986, Pub. L. No. 99-646, § 87, 100 Stat. 3592, 3620, and again, four days later, by the Act of November 14, 1986, Pub. L. No. 99-654, § 2, 100 Stat. 3660.  In both instances, § 2241 was referred to as being part of the "Sexual Abuse Act of 1986."

[32]H.R. Rep. No. 99-594, at 12, *reprinted in* 1986 U.S. Code Cong. & Admin. News 6192 (1986).

[33]In 1996, Congress amplified the protection afforded to children under § 2241(c) by imposing a mandatory term of life imprisonment for a second conviction under § 2241(c).  *See* 18 U.S.C.A. § 2241(c) (2000).

Amendment because the punishment was grossly disproportionate to the crime.  *Cf. Harmelin v. Michigan*, 501 U.S. 957 (1991) (sentence of life imprisonment without possibility of parole for first-time possession of 672 grams of cocaine held not "grossly disproportionate" under Eighth Amendment).

In the February 18, 2003 Order, this court concluded that Lehi had not shown that his is one of those "exceedingly rare" cases referred to in *Rummel* and *Ewing*, in which the sentence imposed is grossly disproportionate to the severity of the crime.

**Lehi's Fifth Amendment Due Process & Equal Protection Claims**

Lehi's March 6th Motion renews his assertion in his April 17, 2002 "Motion to Correct Judgment" that his August 24, 2003 sentencing denied him due process and equal protection of the laws because of "the imposition of the harsher Guidelines sentence [as] to Counts 3, 4, 12 and 13."  (March 6th Motion at 5.)

Lehi's due process and equal protection claims now appear to be grounded in a fundamental misconception and misunderstanding of the nature of his August 24, 1993 sentencing.  Lehi apparently believes that if he had been sentenced on all five counts in November of 1992 instead of being sent away for further evaluation under former § 4205(c), he would not have been subject to the Federal Sentencing Guidelines and would not have received the "split" consecutive sentences that were imposed on August 24, 1993 under the Guidelines and the pre-Guidelines sentencing statute.  (*See* March 6th Motion at 7-9.)

But it did not matter *when Lehi was sentenced* on Counts III, IV, VI, XII and XIII; the application of the Guidelines was determined by *when Lehi committed his offenses of conviction.*

-30-

The provisions of the Sentencing Reform Act of 1984[34] and the Federal Sentencing

Guidelines applied to offense conduct occurring on and after November 1, 1987, the effective

date of the 1984 Act[35] and the Guidelines.[36]   The pre-Guidelines provisions of the former

sentencing statutes applied to offense conduct occurring before November 1, 1987—in this case,

Lehi's criminal conduct charged in Count VI of the Superseding Indictment as having occurred

"on or about February 5 and September 28, 1987."

> The Sentencing Guidelines do not apply to criminal offenses which
> occurred before the November 1, 1987, effective date of the Sentencing Reform
> Act of 1984, 28 U.S.C. §§ 991-998; U.S.S.G. § 1B1.1, et seq., 18 U.S.C. App. *See*
> *United States v. Rogers*, 960 F.2d 1501 (10th Cir.), *cert. denied*, --- U.S. ----, 113
> S. Ct. 817, 121 L. Ed.2d 684 (1992).
> * * * *
> The Guidelines apply only to offenses committed after November 1, 1987.
> However, "courts agree that the guidelines apply to 'straddle' crimes: continuing
> offenses 'in which acts comprising the crime occur both before and after the
> effective date of the Guidelines.'"   *United States v. Morrison*, 938 F.2d 168, 170
> (10th Cir. 1991) (quoting *United States v. Bakker*, 925 F.2d 728, 739 (4th Cir.
> 1991)).   *See also United States v. Rogers*, 960 F.2d 1501, 1514 (10th Cir.), *cert.
> denied*, 506 U.S. 1035, 113 S.Ct. 817, 121 L.Ed.2d 689 (1992) (Guidelines do not
> apply to offenses which occurred before the effective date of the Sentencing
> Reform Act); *United States v. Williams*, 897 F.2d 1034, 1040 (10th Cir. 1990),
> *cert. denied*, 500 U.S. 937, 111 S.Ct. 2064, 114 L.Ed.2d 469 (1991) (Guidelines
> applied to conspiracy beginning before and continuing after November 1, 1987);
> *United States v. Terzado-Madruga*, 897 F.2d 1099, 1123 (11th Cir. 1990); *United
> States v. Lee*, 886 F.2d 998, 1003 (8th Cir. 1989), *cert. denied*, 495 U.S. 906, 110

----

[34]Act of October 12, 1984, Pub. L. No. 98-473, Title II, 98 Stat. 1987, *codified as amended at* 18 U.S.C. §§ 3551 *et seq.* (2000).

[35]It is well established in this Circuit that the provisions of the Sentencing Reform Act of 1984 apply to offenses committed after November 1, 1987.  *See United States v. Sanchez*, 907 F.2d 127, 128 (10th Cir. 1990).  Amendments to the Sentencing Reform Act of 1984 established November 1, 1987 as the effective date of the statute.  *See* Pub. L. No. 98-473, § 235(a)(1), 98 Stat. 1987 (1984), *as amended by* Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 *and* Pub. L. No. 104-232, § 4, 110 Stat. 3056 ("This chapter . . . shall take effect on the first day of the first calendar month beginning 36 months after the date of enactment [October 12, 1984] and shall apply only to offenses committed after the taking effect of this chapter. . . .")  *See also* Sentencing Act of 1987, Pub. L. No. 100-182, § 2, 101 Stat. 1266; 18 U.S.C.A § 3551 note (2000).

[36]*See* United States Sentencing Commission, *Guidelines Manual*, Ch. 1, Pt. A.2 (Nov. 1990) ("the guidelines took effect on November 1, 1987, and apply to all offenses committed on or after that date").

S.Ct. 1926, 109 L.Ed.2d 290 (1990); *United States v. Boyd*, 885 F.2d 246, 248
(5th Cir. 1989).

*United States v. Roederer,* 11 F.3d 973, 976, 977 (10th Cir. 1993).

Lehi was *not* entitled to a single pre-Guidelines sentence embracing his criminal conduct

occurring *after* November 1, 1987.[37]  Counts III and IV charged crimes committed by Lehi in

1991; Counts XII and XIII charged crimes committed by Lehi in 1988 and 1991.[38]

It did not matter whether he was sentenced for that post-November 1987 conduct in

November of 1992 or August of 1993.  He could not be entitled "to have all of his sentence

timely imposed prior to the Federal Sentencing Guidelines going into effect," (March 6th Motion

at 8-9), where the Act and the Guidelines had already gone into effect as of November 1, 1987—

prior to his offense conduct as charged in Counts III, IV, XII and XIII, and years before Lehi was

indicted.  His Guidelines-based sentence on Counts III, IV, XII and XIII was not an

"enhancement" of a pre-Guidelines sentence he would otherwise have received had he not been

sent away for a § 4205(c) evaluation in November of 2002.

As Lehi expressly acknowledged in his written statement in advance of his guilty plea, he

could be sentenced to up to life imprisonment on Count VI under the sentencing law in effect at

the time he committed that offense in 1987,[39] separate and apart from his sentencing under the

---

[37]*See, e.g., United States v. Haddock,*  956 F.2d 1534, 1553 (10th Cir. 1992) ("The conduct related to Counts 1-7 occurred prior to November 1, 1987, the effective date of the United States Sentencing Commission Guidelines . . . . The conduct related to Counts 8-10 occurred after that effective date.  Therefore, the district court correctly separated sentencing for Guidelines offenses from sentencing for pre-Guideline offenses."), *amended on other grounds on rehearing en banc*, 961 F.2d 933 (10th Cir.), *cert. denied*, 506 U.S. 828 (1992).

[38]Lehi's assertion that "[t]he collective offenses in this case occurred prior to the Sentencing Guidelines coming into effect," (March 6th Motion at 7), is obviously false.

[39]Lehi's sentence on Count VI was governed by 18 U.S.C. ch. 309, §§ 4161-66 (1982) (*repealed by* Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 218(a)(4), 98 Stat. 1987, 2027 (effective Nov. 1, 1986)).  *See* Sentencing

(continued...)

-32-

Guidelines on the other counts to which he was pleading guilty, and that his pre-Guidelines

sentence on Count VI could be consecutive to his Guidelines sentence on the remaining counts.

(*See* Statement by Defendant in Advance of Plea of Guilty, filed October 1, 1992 (dkt. no. 35),

*United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah), at 2 ¶ 2.)

The court did not "exceed its authority" in imposing a consecutive sentence of thirty years

on Count VI, one-third of which Lehi must serve before becoming eligible for parole under

former § 4205(a).  Even assuming it to be true that the absence of psychiatrists at the Lompoc

facility in 1992 when Lehi arrived for his § 4205(c) evaluation served to delay his final

sentencing until August of 1993, Lehi suffered no prejudice because the laws governing his

sentencing would have been the same had he been sentenced on all five counts in November of

1992.  Judge Anderson lawfully could have imposed consecutive sentences on Lehi in November

of 1992 that were identical to those ultimately imposed in August of 1993 under the applicable

Guidelines and pre-Guidelines provisions.[40]

Lehi now insists that his argument that "the District Court exceed[ed] its authority was

never reached by the District Court, or ruled on," (March 6th Motion at 5; *id.* at 2), but this

court's February 18, 2003 Order *did* reach the merits of that argument, and simply pointed out

that Lehi's papers and his arguments had left his due process and equal protection claims wholly

unexplained and unsupported by law or fact.  (*See* "Motion to Correct Judgment," filed April 17,

---

[39](...continued)
Reform Act of 1984, Pub. L. No. 98-473, § 235(b)(1)(B), 98 Stat. 1987, 2032.

[40]By May of 1992, the court of appeals had acknowledged a district court's "unfettered discretion to impose consecutive sentences when pre-Guideline convictions are involved with Guideline convictions."  *United States v. Hershberger*, 962 F.2d 1548, 1551 (10th Cir. 1992) (citing *United States v. Watford*, 894 F.2d 665, 667, 669 (4th Cir. 1990)).

-33-

2002 (dkt. no. 1), at 2 ¶ 5).[41])  Lehi's own misunderstanding as to the effect of the Guidelines'
November 1, 1987 effective date cannot serve to invalidate his sentence as lawfully imposed by
Judge Anderson under the pre-Guidelines statute (former § 4205) on Count VI, and lawfully
imposed under 18 U.S.C. § 3553 and the Federal Sentencing Guidelines on Counts III, IV, XII
and XIII, wholly "commensurate with [Lehi's] offense epoch."  (March 6th Motion at 8.)

The hard but simple fact is that Congress—and by extension, the Sentencing
Commission—have determined to deal harshly with sexual predators who prey upon children,
particularly "children of very tender years."[42]  That judgment has been entrusted to them as the
representatives of the community at large, and in proceeding in conformity with that legislative
judgment, Judge Anderson did not act capriciously in sentencing Lehi as he did on August 24,
1993.  He did not exceed his authority under the applicable sentencing statutes, or deny Lehi
either the equal protection of the laws or the process that was due.[43]

### Relief from the February 18, 2003 Order Under Fed. R. Civ. P. 60(b)(6)

Rule 60(b)(6) "permits the district court to reverse its order for 'any other reason
justifying relief from the operation of the judgment,'"  *Searles v. Dechant*, 393 F.3d 1126, 1131
(10th Cir. 2004), "other than the more specific circumstances set out in Rules 60(b)(1)–(5)."
*Gonzalez v. Crosby*, ___ U.S. ___, 125 S.Ct. 2641, 2646 (2005) (citing *Liljeberg v. Health*

---

[41]Lehi's reply memorandum made no reference to his constitutional objections under the Fifth and Eighth Amendments, focusing instead on Lehi's reading of former § 4205.  (*See* Memorandum of Law in Support of Petitioner's Motion for Modification or Vacation of Sentence Pursuant to 28 U.S.C. § 2255, filed July 29, 2002 (dkt. no. 8).)

[42]H.R. Rep. No. 99-594, at 15, *reprinted in* 1986 U.S. Code Cong. & Admin. News 6195 (1986).  All of Lehi's victims were 12 years old (Count VI) or younger than 12 years (Counts III, IV, XII, XIII).

[43]At every stage of his criminal proceeding—even prior to indictment—Lehi was assisted by legal counsel.  In addition, the court had granted Lehi's request for appointment of a psychologist to assist in his defense.  Prior to sentencing, the court also ordered that Lehi be examined by the Intermountain Sexual Abuse Treatment Center in Salt Lake City, Utah, in addition to the study requested pursuant to 18 U.S.C. § 4205(c).

*Services Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988); *Klapprott v. United States*, 335 U. S.

601, 613 (1949) (opinion of Black, J.)).

According to the court of appeals:

> We have described Rule 60(b)(6) as a "grand reservoir of equitable power
> to do justice in a particular case." *Pierce v. Cook & Co.*, 518 F.2d 720 (10th Cir.
> 1975) (en banc) (citation omitted), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47
> L.Ed.2d 89 (1976).  In *Pierce*, we were confronted with "[t]he kind of legal error
> that provides the extraordinary circumstances justifying relief under rule
> 60(b)(6)." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991),
> *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).  We granted
> Rule 60(b)(6) relief in *Pierce* based on a post-judgment change in the law "arising
> out of the same accident as that in which the plaintiffs . . . were injured."  518
> F.2d at 723.  Absent a post-judgment change in the law in a factually-related case,
> however, "we have held that 'a change in the law or in the judicial view of an
> established rule of law'does not justify relief under Rule 60(b)(6)." *Van Skiver*,
> 952 F.2d at 1245 (quoting *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir.
> 1958)).

*Johnston v. Cigna Corp.*, 14 F.3d 486, 497 (10th Cir. 1993) (footnote omitted).  "Relief under

Rule 60(b)(6) is discretionary and is warranted only in exceptional circumstances. . . ." *Id.*

(citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir.1990)).  A Rule 60(b)(6)

motion "might contend that a subsequent change in substantive law is a 'reason justifying relief,'

Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim[,] *E.g.*, *Dunlap v. Litscher*,

301 F. 3d 873, 876 (CA7 2002)," *Gonzalez v. Crosby*, 125 S. Ct. at 2647, but even so, the "cases

have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances'

justifying the reopening of a final judgment." *Id.* at 2649.

Here, Lehi seeks relief under Rule 60(b)(6), relying on *Gonzalez v. Crosby*.  (March 6th

Motion at 1-2, 17-19.)

A finding by the court of appeals of the existence of an error in a decision by this court in

-35-

this case—an error for which "the decision generally is vacated"—seems to be an extraordinary

circumstance warranting relief under Rule 60(b)(6).  That finding was made by the court of

appeals in the context of Lehi's appeal from the dismissal of his recharacterized 2004 motion,

certainly a "factually-related case" within the meaning of *Johnson v. Cigna Corp.*, and should

apply retroactively "to the case in which the determination is made," and as to both the 2002 and

2004 motions regardless of Lehi's failure to appeal both recharacterizations.  *Castro*, 540 U.S. at

383.

So, in light of *Castro* as well as prior Tenth Circuit precedent,[44] this court offers Lehi the

written "**WARNING**" appended below.

**SUMMARY**

Thanks in large part to the effects of the so-called Antiterrorism and Effective Death

Penalty Act of 1996,[45] it now takes over twenty pages of procedural analysis to reach a rational

---

[44]As *United States v. Kelly*, 235 F.3d 1238 (10th Cir. 2000), instructs:

> [D]istrict courts should not recharacterize a motion purportedly made under some
> other rule as a motion made under § 2255 unless (a) the movant, with knowledge of
> the potential adverse consequences of such recharacterization, agrees to have the
> motion so recharacterized, or (b) the court finds that, notwithstanding its
> designation, the motion should be considered as made under § 2255 because of the
> nature of the relief sought, and offers the movant the opportunity to withdraw the
> motion rather than have it so recharacterized.

235 F.3d at 1242 (quoting *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998)).

[45]Act of April 24, 1996, Pub. L. No. 104-132, 110 Stat. 1214.  *See also* H.R. Rep. No. 104-23, at 9 (1995)
("[T]he bill is designed to reduce the abuse of habeas corpus that results from delayed and repetitive filings.").  It appears
that Congress was primarily concerned with federal habeas review of state criminal convictions, particularly in death
penalty cases.  *See* H.R. Conf. Rep. No. 104-518, at 111 (1996), *reprinted in* 1996 U.S.C.C.A.N. 924, 944 (the AEDPA
"sets a one year limitation on an application for a habeas writ" in order to "curb the abuse of the statutory writ of habeas
corpus, and to address the acute problems of unnecessary delay and abuse in capital cases.")
   Senator Orrin Hatch (R-Utah), a long-time proponent of the bills that became the AEDPA, argued that the law
would "stop the frivolous appeals that have been driving people nuts throughout this country and subjecting victims and
families of victims to unnecessary pain for year after year after year."  141 Cong. Rec. S7479 (daily ed. May 25, 1995).
According to Senator Hatch, "I have to say one of the biggest problems [is] loony judges in the Federal Courts who
basically will grant a habeas corpus petition for any reason at all," 142 Cong. Rec. S3362 (daily ed. Apr. 16, 1996)

(continued...)

determination of Lehi's March 6th Motion—even then, one that necessarily defers any further consideration of the merits of Lehi's current constitutional challenge to the validity of his August 24, 1993 sentencing to yet another day.

In the wake of the 1996 legislation, the adjudication of post-conviction legal remedies has largely devolved into a bewildering mirror maze from which an erstwhile petitioner has but faint hope of emerging once he ventures within.  Section 2255 proceedings have become a tortuous procedural gauntlet ensnaring the unwary movant, in which far more time, energy and effort is expended in determining *whether* he has arrived at the courthouse than is spent considering *why* he is here.[46]  Trying to evade that gauntlet, petitioners dart down legal side streets almost as swiftly as the courts of appeals can barricade them, bestirring ancient common-law writs seldom seen since the days of Blackstone and Coke, all in the hope of finally, somehow, someday, being *heard*, albeit on what may be legally dubious claims.[47]

---

[45](...continued)

(statement of Sen. Hatch), an odd statement given the statistical data indicating that few petitions under 28 U.S.C. §§ 2254 & 2255 were granted, even without the added barriers erected by the AEDPA.  *See, e.g.,* Victor E. Flango & Patricia McKenna, *Federal Habeas Corpus Review of State Court Convictions*, 31 Cal. W. L. Rev. 237, 258-261 (1995).

[46]*Cf. Brackett v. United States,* 206 F. Supp. 2d 183, 186 n.3 (D. Mass. 2002):

Through AEDPA, Congress created a number of procedural hurdles designed to restrict the quantity of habeas corpus petitions.  In construing AEDPA, the courts have sought to give effect to Congress's intentions, and have strictly applied and interpreted the hurdles established by AEDPA. . . . [C]ourts have been careful to note how, if a petitioner had just done the right thing, the petitioner would be able properly to present his claim, and, where such claim was meritorious, would be entitled to relief.  In doing so, courts demonstrate that AEDPA has not pinched too hard—the great writ is still available, so long as the petitioner has jumped through all of the hoops set up by AEDPA to ask for the writ.

[47]But all to no avail, according to Judge Easterbrook of the Seventh Circuit:

Prisoners cannot avoid the AEDPA's rules by inventive captioning.  *See, e.g., Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence).  Any motion filed in the district court that imposed the sentence, and substantively within

(continued...)

As Justice Felix Frankfurter observed many years before the enactment of the AEDPA: "The meritorious claims are few, but our procedures must ensure that those few claims are not stifled by undiscriminating generalities." *Brown v. Allen*, 344 U.S. 443, 498 (1953) (Frankfurter, J., concurring). The complexities of post-conviction federal collateral review "are not to be escaped by simple, rigid rules which, by avoiding some abuses, generate others." *Id.*

Even after pointing out that the legal characterization of Lehi's *pro se* pleadings filed in 2002 and 2004 is finally for Lehi to decide, rather than this court, the court of appeals was content to leave matters where they were, based upon the assumption that consideration of Lehi's attack on his 1993 sentences would in any event be barred by the abbreviated one-year limitation imposed upon the filing of § 2255 motions by the Antiterrorism and Effective Death Penalty Act of 1996, rendering inconsequential Lehi's choice of legal characterizations. (*See* Order, filed February 13, 2006, *United States v. Abe Lehi*, Case No. 05-4029 (10th Cir.).)

Nonetheless, error is error, and for the sake of the integrity of *this court's* record in this proceeding and its related proceedings, and to afford Lehi the opportunity to choose—to which he is indisputably entitled under *Castro* and Tenth Circuit precedent—Lehi's "Motion Challenging Only District Court's Failure to Reach Merits of 2255 Motion," filed March 6, 2006

---

[47](...continued)
the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. *See, e.g., Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. *See Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996).

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original).

-38-

(dkt. no. 23), made pursuant to Fed. R. Civ. P. 60(b)(6), is GRANTED to the extent that the

portion of this court's February 18, 2003 Order that addressed Lehi's constitutional claims as

having been raised under 28 U.S.C. § 2255 is hereby VACATED in light of the court of appeals'

Order, filed February 13, 2006, in *United States v. Abe Lehi*, Case No. 05-4029 (10th Cir.).  It

follows that this court's January 10, 2005 Order denying Lehi's October 19, 2004 "Motion for

Review of Sentence" in Civil No. 2:04-CV-969BSJ, must likewise be VACATED because of its

inherent dependency upon the February 18, 2003 Order's treatment and disposition of Lehi's

constitutional claims under § 2255.

    The court DENIES Lehi's request for "a Certificate of Appealability on the Rule 36

Motion issue that was inadvertently construed as a 28 U.S.C. § 2255 Motion" because both §

2253 and Fed. R. App. P. 22(b) do not apply to proceedings under Fed. R. Crim. P. 36.

    Moreover, no ruling on those claims has been made from which Lehi could now perfect

any appeal.  Unless and until Lehi chooses which of his three options he wishes to pursue

concerning the constitutional issues raised in Paragraph 5 of his "Motion to Correct Judgment"

filed April 17, 2002, (*see* "**WARNING**" below), no such ruling may be made.

    Pursuant to *Castro* and *Kelly*, and in light of the Order, filed February 13, 2006, in *United

States v. Abe Lehi*, Case No. 05-4029 (10th Cir.), this court hereby provides Lehi the following:

## WARNING

    In commencing the above-captioned proceeding based upon your "Motion
to Correct Judgment," filed April 17, 2002 in *United States of America vs. Abe
Lehi*, Case No. 2:92-CR-36A (D. Utah), this court elected to treat Paragraph 5 of
your motion as a motion to vacate, set aside or correct sentence under 28 U.S.C. §
2255 (2000).

Treatment of Paragraph 5 of your "Motion to Correct Judgment" as seeking relief under 28 U.S.C. § 2255 will subject you to the limitations on the filing of any future "second or successive" motion under § 2255 concerning your conviction and sentence in *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah), specifically:

Before a second or successive application permitted by § 2255 is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  A second or successive motion must be certified by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection. The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Treatment of Paragraph 5 of your "Motion to Correct Judgment" as seeking relief under 28 U.S.C. § 2255 will also subject that part of your motion to the time limitations that apply to the filing of such motions, specifically:

A 1-year period of limitation shall apply to a motion under § 2255. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

-40-

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

These limitations applicable to motions under § 2255 may have adverse consequences for your motion, at least to the extent it is treated as a motion for relief under § 2255, and may adversely affect your future filing of a motion for relief under § 2255 based upon grounds not asserted in your existing motion.

To the extent that your motion is treated as a motion for relief under § 2255, a denial of that motion may be appealed only if the district court or the court of appeals first issues a Certificate of Appealability, *see* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A Certificate of Appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, you must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

You may choose one of the following three options concerning your motion:

(1) you may advise the court in writing that you agree that Paragraph 5 of your "Motion to Correct Judgment," filed April 17, 2002, will be treated as a motion made pursuant to 28 U.S.C. § 2255;

(2) you may advise the court in writing that you do not agree to

treatment as a § 2255 motion, and identify the specific basis in law or rule for Paragraph 5 of your "Motion to Correct Judgment," filed April 17, 2002, other than as a motion made pursuant to 28 U.S.C. § 2255; or

(3) you may advise the court in writing that you wish to withdraw or amend Paragraph 5 of your "Motion to Correct Judgment," filed April 17, 2002, rather than have it considered as a motion made pursuant to 28 U.S.C. § 2255.

YOU MUST FILE YOUR WRITTEN RESPONSE CONCERNING THESE OPTIONS WITH THE CLERK OF THIS COURT WITHIN THIRTY (30) DAYS OF THE ENTRY OF THIS MEMORANDUM OPINION & ORDER.  If you fail to file your written response within the time allowed, Paragraph 5 of your "Motion to Correct Judgment," filed April 17, 2002, will be deemed to be withdrawn as of the date that the time for your response expires.

* * * * *

**SO ORDERED.**

DATED this 21 day of March, 2006.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge

-42-