IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ABE LEHI, ) | |
| ) | Civil No. 2:02-CV-317BSJ |
| Petitioner, ) | Crim. No. 2:92-CR-36A |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **& ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | **FILED** |
| Respondent. ) | CLERK, U.S. DISTRICT COURT |
| ) | April 24, 2006 (1:16pm) |
| ) | DISTRICT OF UTAH |

\* \* \* \* \* \* \* \* \*

On April 14, 2006, Abe Lehi filed "Petitioner's Response to District Court's Memorandum Opinion & Order," (dkt. no. 25), referring to this court's Memorandum Opinion and Order, filed March 22, 2006 (dkt. no. 24). That Order presented Lehi with three options as to the treatment of Paragraph 5 of his original "Motion to Correct Judgment," filed April 17, 2002, which had been granted in part by this court's Order, filed February 18, 2003 (dkt. no. 13), which was subsequently affirmed by the court of appeals. (*See* Order and Judgment, filed November 4, 2003, *United States v. Abe Lehi*, No. 03-4089 (10th Cir.).) Paragraph 5 of Lehi's original motion asserted constitutional claims, specifically that "[t]he magnitude of the punishment imposed on the defendant constitutes cruel and inhuman punishment and deprives the Defendant of the equal protection of the laws and due process of law, in violation of the Sentencing Reform Act of 1987." (*See* Motion to Correct Judgment, filed April 17, 2002 (dkt. no. 1), at 2 ¶ 5.)[1]

Based upon *Castro v. United States*, 540 U.S. 375 (2003), and in light of a recent order by

---

[1] This court discussed the substance of Lehi's constitutional claims at pages 26-34 of the March 22, 2006 Memorandum Opinion and Order, and will not repeat that discussion here.

the court of appeals in a related proceeding, the Court's March 22, 2006 Order vacated that portion of this court's February 18, 2003 Order that treated Lehi's constitutional claims alleged in Paragraph 5 of his "Motion to Correct Sentence" as having been raised under 28 U.S.C. § 2255.  The court provided Lehi a written "WARNING" concerning the adverse procedural consequences that may result from the court's re-characterization of his motion as being made, in part, pursuant to 28 U.S.C. § 2255, and offered a choice of three options as to how to proceed.

Lehi's April 14th Response reflects his adoption of the court's second option, namely that "you may advise the court in writing that you do not agree to treatment as a § 2255 motion, and identify the specific basis in law or rule for Paragraph 5 of your "Motion to Correct Judgment," filed April 17, 2002, other than as a motion made pursuant to 28 U.S.C. § 2255[.]" (March 22, 2006 Order at 41.)  The Response states:

> Petitioner submit[s] that the specific basis in law or rule for paragraph 5 of his"Motion to Correct Judgment," filed April 17,2002, is Federal Rule of Criminal Procedure, 52(b) - Plain Error.
> * * * *
> Petitioner contends that error was made in his Sentencing and for that reason his sentence should be reversed or vacated with prejudice.  (See, U.S.v.Comstock, 154 F.3d 845, 850 (8th Cir. 1998)(plain error in application of Sentencing Guidelines resulted in sentence 17 months too long).
>
> If a defect is found to be plain error, a court may vacate for a new trial or reverse.
> (See,U.S.v.Olano, 507 U.S. 725, 732 (1993).
>
> A court should correct a plain error if its "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."
> (See,Olano, 507 U.S. at 732 (quoting U.S. v. Atkinson, 297 U.S.157, 160 (1936).

(Response at 2, 3-4.)

So, as it now stands, Lehi has elected *not* to proceed pursuant to 28 U.S.C. § 2255,[2] but he would nonetheless "move the court which imposed the sentence to vacate, set aside or correct" his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" as alleged in Paragraph 5 of his April 17, 2002 "Motion to Correct Judgment," asserting instead that he seeks such relief pursuant to Fed. R. Crim. P. 52(b).

Rule 52 of the Federal Rules of Criminal Procedure reads:

**Rule 52. Harmless and Plain Error**

   **(a) Harmless Error.**  Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

   **(b) Plain Error.**  A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.

"Rule 52(b) provides that plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.  It is a restatement of prior law."  3A Charles A. Wright, *Federal Practice and Procedure* § 856, at 335-36 (1982).  In *United States v. Atkinson*, 297 U.S. 157 (1936), the Court explained that

   [i]n exceptional circumstances, especially in criminal cases, *appellate courts*, in the public interest, may, of their own motion, notice errors to which no exception

---

[2] 28 U.S.C. §2255 reads in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255 ¶ [1] (Supp. 2005).  The "essential function" of § 2255 "is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence."  *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Price v. Johnston*, 334 U.S. 266, 283 (1948)).

> has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings.

297 U.S. at 160 (emphasis added).  "Ordinarily, Rule 52(b) is invoked by counsel who, *in preparing an appeal*, discover what they consider to be an error to which they took no objection below.  The rule is not so limited, however, and *the appellate court* may take notice of an error on its own motion though it is never put forward by counsel."  3A Charles A. Wright, *Federal Practice and Procedure* § 856, at 338 (emphasis added).

"Plain error" is thus a matter for the court of appeals, as was more recently reaffirmed by the Supreme Court in *United States v. Olano*, 507 U.S. 725 (1993), a case cited by Lehi:

> Federal Rule of Criminal Procedure 52(b), which governs on appeal from criminal proceedings, provides *a court of appeals* a limited power to correct errors that were forfeited because not timely raised in district court. The Rule has remained unchanged since the original version of the Criminal Rules, and was intended as "a restatement of existing law." Advisory Committee's Notes on Fed. Rule Crim. Proc. 52, 18 U.S.C. App. p. 833.
>
> Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the *court of appeals*, and the court should not exercise that discretion unless the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985) (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)).

507 U.S. at 731, 732 (emphasis added).

In contrast to 28 U.S.C. § 2255, Rule 52(b) does not provide an independent legal basis for a collateral attack on a final judgment in a criminal case.  As the Supreme Court explained in *United States v. Frady*, 456 U.S. 152 (1982):

> Rule 52(b) was intended to afford a means for the prompt redress of miscarriages of justice.  By its terms, recourse may be had to the Rule only on appeal from a trial infected with error so "plain" the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in

>   detecting it.  The Rule thus reflects a careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed.
>
>   Because it was intended for use on direct appeal, however, the "plain error" standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal.

456 U.S. at 163-64 (footnotes omitted).

As previously recounted,[3] Lehi did not appeal his conviction or his sentence.

When this court granted in part his "Motion to Correct Judgment," (*see* Order, filed February 18, 2003 (dkt. no. 13))—correcting Lehi's August 25, 1993 Judgment to reflect his sentencing on one pre-Guidelines count under former 18 U.S.C. § 4205(a)—Lehi appealed from that order, but did not raise his constitutional claims before the court of appeals.  The court of appeals affirmed this court's February 18, 2003 Order, without taking notice of any "plain error" under Rule 52(b).  (*See* Order and Judgment, filed November 4, 2003, *United States v. Abe Lehi*, No. 03-4089 (10th Cir.).)

In contrast to § 2255, Rule 52(b) affords no jurisdictional basis upon which *this court* may review Lehi's sentence for the constitutional error alleged in Paragraph 5 of his motion, be it "plain error" or not.  As *Olano* and *Frady* indicate, Rule 52(b) "plain error" remains a matter for the court of appeals.

Because Lehi has not established an appropriate legal basis upon which this court could further consider the merits of his claims set forth in Paragraph 5 of his "Motion to Correct Judgment," this court lacks subject-matter jurisdiction over that aspect of the motion.  Lehi's

---

[3](March 22, 2006 Memorandum Opinion & Order at 8.)

"Motion to Correct Judgment" on the grounds asserted in Paragraph 5 of that motion must be denied.

Therefore,

**IT IS ORDERED** that Lehi's Motion to Correct Judgment, filed April 17, 2002 (dkt. no. 1), is hereby DENIED for lack of jurisdiction as to the allegations of Paragraph 5 of that motion.

DATED this 29 day of April, 2006.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge